**SYKES v. CALDWELL.     (No. 7528.)**

(Court of Civil Appeals of Texas.   San Antonio.   March 10, 1926.   Rehearing Denied March 31, 1926.)

1. Evidence ⬯157(1).

Best evidence of which case is capable must be produced.

2. Evidence ⬯158(27).

Assignee of open account may testify in suit thereon that he owns account as shown by assignment.

3. Evidence ⬯158(26).

Written resolution of corporation's board of directors assigning open account *held* best evidence of ownership.

4. Account, action on ⬯8.

Where uncontroverted evidence showed that plaintiff owned open account sued on, it was unnecessary to present such matter to jury.

Appeal from Nueces County Court; Jesse Wright, Judge.

Action by E. H. Caldwell against F. B. Sykes. Judgment for plaintiff, and defendant appeals. Affirmed.

J. D. Todd and Sidney P. Chandler, both of Corpus Christi, for appellant.

James R. Beverly, of San Juan, Porto Rico, and E. B. Ward, of Corpus Christi, for appellee.

FLY, C. J. This is a suit for $598.33, on an open account in favor of E. H. Caldwell & Son Company, a private corporation, instituted by appellee, the owner of the account, against appellant. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for the sum of $598.33.

[1-3] The pleadings of appellant did not raise any question as to the ownership of the account being in appellee, but in seven abstract propositions, not shown to be pertinent to or predicated upon any issues in the case, it is reiterated that the best evidence of which a case is capable must be produced. We accede to the proposition, but fail to find its application to the facts of this case. We find from a bill of exceptions that appellant objected to appellee stating that he was the owner of the account which had been assigned to him by a written resolution of the board of directors of the corporation. Appellee stated that the resolution was in a book kept by the corporation, and that if appellant desired it he would produce. He did produce it, and it was read to the jury. If appellant is discussing the evidence in regard to the ownership of the account, the very evidence he insists should have been produced was produced. If appellant means that appellee could not testify that he owned the account as shown by the assignment, such objection is without merit.

[4] The uncontroverted evidence showed that appellee owned the account, and it was unnecessary to present that matter to the jury. It would have been error to have instructed a verdict for appellant.

There is no merit in any of the propositions, and the judgment is affirmed.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes